UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGIOS V. VLOUTIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 23-1926 (UNA) |
| | : | |
| DEUTSCHE LUFTHANSA AKHENGESELL SCHAFT, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* complaint (ECF No. 1), and motions for CM/ECF User Name and Password (ECF No. 3), Motion to the Court Not to Publish My Address (ECF No. 4), and Motion Regarding Plaintiff's Notifications as Noted as Voice Prints (ECF No. 5). The Court will grant the application, dismiss the complaint without prejudice, and deny the motions.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*,

1

551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).  As drafted, the complaint fails to meet these goals.

On February 21, 2022, plaintiff arrived at the airport in Houston, Texas; his luggage did not.  *See* Compl. at 4.  According to plaintiff, his missing luggage was returned to him six days later, after it had "been opened and handled by terrorist."  *Id*.  Plaintiff faulted defendant for failing to perform "spectrographic voice prints of terrorist and/or terrorist sympathizers working for Lufthansa at locations in USA, Europe, Asia, Africa and South America."  *Id*.  He deemed Lufthansa "a terrorism supporting corporation," the negligence of which caused plaintiff to receive death threats and experience "severe health issues [and] emotional distress[.]"  *Id*.  He has demanded damages of $40 million "because Lufthansa . . . allows terrorist[s] to work at Lufthansa locations worldwide."  *Id*.

In wholly conclusory fashion, plaintiff attributes death threats, physical ailments and emotional distress to terrorists in defendant's employ.  The complaint alleges no facts from which the Court could infer more than the mere possibility of defendant's misconduct.  Accordingly, the Court will dismiss the complaint and this civil action without prejudice.  An Order is issued separately.

DATE: July 6, 2023                                  TREVOR N. McFADDEN
                                                    United States District Judge